IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY MICHAEL SMITH,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 16-310
                                    )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
        Defendant.                  )

O R D E R

AND NOW, this 13th day of September, 2017, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh

the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's various arguments that the Administrative Law Judge ("ALJ") erred in finding him to be not disabled, and finds that substantial evidence supports the ALJ's decision.

Plaintiff's primary argument is that the ALJ erred by failing to provide sufficient reasons for discounting the opinion of Plaintiff's treating physician, Anthony N. Ricci, M.D., resulting in a residual functional capacity ("RFC") finding that did not include all of Plaintiff's occupational limitations. He first emphasizes the fact that Dr. Ricci was his treating physician and, therefore, that his opinion is generally entitled to greater weight than those of non-treating professionals. Plaintiff is correct, of course, that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)(internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he weighed Dr. Ricci's opinion as he did and as to how he formulated Plaintiff's RFC.

One of the reasons given by the ALJ for according little weight to Dr. Ricci's opinion was its inconsistency with those of the consultative examiner, provided on May 23, 2013 (R. 404-417), and of the state agency reviewing agent, provided on June 3, 2013. (R. 155-57). The

2

ALJ discussed both opinions at great length and explained how they were consistent with the record evidence and inconsistent with the opinion of Dr. Ricci.  Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)(internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317.  See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005).  The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See SSR 96-6p, 1996 WL 374180 (S.S.A.), at *2 (July 2, 1996).  In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion.  See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

Plaintiff challenges the weight given by the ALJ to the non-treating reviewers' opinions by stating that these opinions were given more than a year prior to the opinion of Dr. Ricci.  Generally speaking, there is no specific limit on how much time may pass between a medical professional's report or opinion and the ALJ's decision relying on it. See Chandler, 667 F.3d at 361.  Indeed, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Id.  However, Plaintiff argues that, given the degenerative nature of his conditions, Dr. Ricci's more current opinion would account for worsening of his condition that the other opinions would not.  Indeed, where there is a substantial amount of new evidence between the date on which an opinion upon which an ALJ relies and the date on which the ALJ renders his or her decision, remand may be warranted. See Cadillac v. Barnhart, 84 Fed. Appx. 163, 168-69 (3d Cir. 2003); Grimes v. Colvin, 2016 WL 246963, at *2 (W.D. Pa. Jan. 21, 2016).  The primary problem with this argument here is that Dr. Ricci himself in no way suggested that his opinion was meant to account for any changes between May and June of 2013, when the non-treating reviewers offered their opinions, and September 8, 2014, when he offered his own.  To the contrary, he indicated that his opinion described Plaintiff's limitations as of **March 27, 2012**, well before the non-treating reviewers' opinions were given.  (R. 480).

Regardless, the ALJ's decision relies on far more than the non-treating reviewers' opinions, relying also on the objective medical evidence, Plaintiff's activities of daily living, and Plaintiff's conservative treatment record, all of which the ALJ discussed at significant length.  Plaintiff claims that the ALJ mischaracterized his treatment as conservative, and, in particular, argues that his lack of sustained physical therapy was based on his decision to stop going to P.T.because his pain did not improve.  However, this is inconsistent with Plaintiff's stated reason for discontinuing physical therapy, which was that he had the flu (R. 302), and with the fact that he had missed two earlier sessions as well.  (R. 299-300).  In sum, the record indicates that the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

ALJ properly weighed and considered all of the record evidence in considering the medical opinions and in formulating the RFC, and substantial evidence supports his findings.

      Plaintiff's second argument is that the ALJ erred in failing to include in his RFC any limitations related to his carpal tunnel syndrome, which the ALJ had found to be a severe impairment at Step Two of the sequential analysis. In so doing, he seems to imply that the ALJ was required to include in the RFC a limitation specific to his carpal tunnel syndrome. However, there is no requirement for such a one-to-one correlation between a severe impairment and a limitation included in the RFC. Indeed, the ALJ accounted for Plaintiff's severe impairments as a whole in several regards, including by limiting him to light work. The ALJ expressly discussed that Plaintiff's carpal tunnel syndrome, which he found to be not as severe as originally alleged, required no additional limitations beyond those already included. (R. 16). Moreover, Plaintiff does not suggest what additional limitations should have been included. Even the opinion of Dr. Ricci, the physician who diagnosed Plaintiff with carpal tunnel syndrome, contains no limitations specific to Plaintiff's carpal tunnel syndrome, such as restrictions involving grasping, reaching, handling, or fingering. (R. 480).

      Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.